UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSHUA ROBINSON :
:
v. : C.A. No. 16-00105-WES
:
CITY OF PROVIDENCE, et al. :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is non-party Special Assistant Attorney General John Perrotta's (the "Movant") Motion to Quash and for Protective Order. (ECF Doc. No. 31). Plaintiff objects. (ECF Doc. No. 32). A hearing was held on August 2, 2018. At the hearing, the Movant agreed to produce certain responsive documents pursuant to a Confidentiality Protective Order and produced other documents subject to claims of privilege to the Court for in camera review.

Plaintiff sues the City of Providence and several of its police officers. His claims arise out of a traffic stop and arrest which occurred in the early morning hours of March 5, 2013. Plaintiff alleges that he was unlawfully assaulted, falsely arrested and maliciously prosecuted. The Movant was the State Prosecutor of the criminal charges brought against Plaintiff. He presented the State's case both in a 2013 District Court trial and a 2017 Superior Court trial. He is not sued in this case, and he purports to have no personal knowledge of the "core facts" alleged in this case.

Plaintiff served the Movant with a subpoena to appear for deposition and to produce "all notes, email communications, memos, or other documents referencing the prosecution of [Plaintiff] for Case Number P3-2013-1062A and Case Number 61-13-02460." The Movant

invokes the deliberative process, work product and attorney-client privileges. Plaintiff counters that these privileges are not implicated and that he is not seeking to explore the Movant's opinions or mental impressions. Rather, Plaintiff contends that his inquiry is purely factual and concerns "the mechanics of Defendants' involvement in instituting and pursuing [his] lengthy prosecution" and "seeks to learn what Defendants told prosecutors, what information they provided, and when they did so." (ECF Doc. No. 32 at p. 3).

After careful in camera review of the documents in issue, both in the context of the asserted privileges and Plaintiff's representation as to the factual/mechanical information sought, the Court overrules the Movant's Objection to production of the documents identified in the privilege log (ECF Doc. No. 34) as Numbers 31, 33, 34, 35, 36, 37, 38, 47, 50, 51, 52 and 56, and sustains the Objection otherwise. The Court notes that the bulk of the documents are work-product materials, i.e., routine trial preparation materials, notes and historical status reports on Court proceedings. The Court also sustains the Movant's redaction of attorney notes from Numbers 1-4 (redacted). Finally, the Court overrules the Movant's Objection on grounds of undue burden in appearing for deposition; however, the scope of such deposition is limited to the factual/mechanical information sought by Plaintiff. (See ECF Doc. No. 32 at p. 3).

The Movant's Motion is GRANTED in part and DENIED in part as follows: The Movant is ORDERED to produce the redacted documents (Numbers 1-4) as well as Numbers 31, 33-38, 47, 50-52 and 56 within seven days. The Movant shall also make himself available for deposition to answer questions as limited herein at a mutually agreeable date and time within thirty days.

SO ORDERED

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 18, 2018