```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
JOSHUA ROBINSON,                    )
                                    )   C.A. No. 16-105 WES
        Plaintiff,                  )
                                    )
    v.                              )
                                    )
CITY OF PROVIDENCE, by and through  )
its treasurer, James J. Lombardi    )
III, alias, and DAVID D. ALLEN,     )
alias, CHRISTOPHER ZIROLI, alias,   )
MARK HUBBARD, alias, SEAN LAFFERTY, )
alias, MATTHEW McGLOIN, alias,      )
MATTHEW RAMPONE, JEROME LYNCH,      )
alias, CLIFFORD TORRES, alias, and  )
JOSEPH DONNELLY, alias.             )
                                    )
        Defendants.                 )
_____ )
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiff Joshua Robinson has filed a ten-count amended complaint asserting various claims against the City of Providence and several of its police officers. See generally Compl., ECF No. 58. The complaint charges illegality on the part of these Defendants for their respective roles in an alleged beating and subsequent prosecution of Robinson. Id. ¶¶ 1-2. All that is at issue now, though, is the City's motion to dismiss count ten of the complaint. See generally Mot. to Dismiss, ECF No. 61. This motion is DENIED.

In count ten, Robinson maintains that the City violated 42 U.S.C. § 1983 by creating a culture supportive of police misconduct by routinely failing to adequately discipline misbehaving officers. Compl. ¶¶ 115–17. This culture, Robinson says, contributed to his injuries. Id. This culture, moreover, according to Robinson, is the result of a civilian-complaint procedure that is ineffectual by design — intentionally frustrating investigation of citizens' concerns — which results in a miniscule number of sustained complaints every year. Id. ¶¶ 76–85, 115–17.

Robinson has much work to do in order to get this claim to trial. See e.g., Hocking v. City of Roseville, No. Civ. S-06-0316 RRB EFB, 2008 WL 1808250, at *7 (E.D. Cal. Apr. 22, 2008) (granting summary judgment for municipality on similar claim where plaintiffs "did not present any expert testimony demonstrating that the City is responsible for creating or maintaining a policy whereby civilian complaints are meaningless. Nor did [p]laintiffs present any other evidence demonstrating that the investigations into citizen complaints against police officers in general, or [defendant officers] in particular, were cursory, inadequate or meaningless.").

But at this early stage of the litigation — where the Court takes his averments as true and makes all reasonable inferences in his favor, Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d

45, 48 (1st Cir. 2009) — his claim in count ten must be said to state a claim upon which relief may be granted. See, e.g., Beck v. City of Pittsburgh, 89 F.3d 966, 973–76 (3d Cir. 1996) (reversing judgment as a matter of law where, inter alia, citizen-complaint procedures were "structured to curtail disciplinary action and stifle investigations into the credibility of the City's police officers"); Douglas v. City of Springfield, C.A. No. 14-30210-MAP, 2017 WL 123422, at *10 (D. Mass. Jan. 12, 2017) ("If a jury concluded that Springfield's [citizen-complaint] process was ineffective or weak, it could further conclude that a resulting failure to take appropriate action in response to complaints of excessive force might lead Springfield's officers to believe such conduct would be tolerated."). "Tolerance of unconstitutional conduct," the First Circuit has agreed, "is tantamount to encouragement of such conduct and is therefore a basis for municipal liability." Foley v. City of Lowell, 948 F.2d 10, 14–15 (1st Cir. 1991) (quoting Skibo v. City of New York, 109 F.R.D. 58, 65 (E.D.N.Y. 1985)); accord Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir. 1990) ("[I]t is logical to assume that continued official tolerance of repeated misconduct facilitates similar unlawful actions in the future.").

This Court recently said as much about an identical claim in another case. See Howie v. City of Providence ex rel. Lombardi, C.A. No. 17-604-JJM-LDA, 2019 WL 320497, at *3 (D.R.I. Jan. 24,

3

2019) (McConnell, J.) (denying motion for judgment on the pleadings where plaintiff alleged "that the City has cultivated an environment in which Providence Police officers are undeterred from misconduct because of the City's lack of discipline, training, and/or oversight").

The City's motion to dismiss, ECF No. 61, is DENIED for the foregoing reasons. Also for the foregoing reasons, the Court modifies Magistrate Judge Lincoln D. Almond's order, ECF No. 39, regarding the City's discovery obligations. Without the benefit of Robinson's amended complaint, Magistrate Judge Almond limited the responses the City was required to give to two of Robinson's interrogatories. Mem. & Order 4-5. But because answers to these interrogatories — numbers six and ten — are relevant to the cognizable claim in count ten, the City shall now fully respond to them. See Groark v. Timek, 989 F. Supp. 2d 378, 394 (D.N.J. 2013) ("[T]he requested [citizen-complaint] files are fair game for discovery because they are directly relevant to plaintiff's claim that Atlantic City's [citizen-complaint] process is a sham and that Atlantic City failed to properly train its officers.").

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
Chief Judge
Date: January 31, 2019